656 F.2d 593
 COALITION FOR FAIR UTILITY RATES, INC. and Neighbor For
Neighbor, Inc., each Oklahoma nonprofit
corporations, Plaintiffs-Appellants,
v.
Hamp BAKER, Bill Dawson, Norma Eagleton as Corporation
Commissioners, and the State of Oklahoma, ex rel
the Corporation Commission, Defendants-Appellees,
Oklahoma Gas & Electric Company, and Public Service Company
of Oklahoma, Intervenors-Appellees.
 No. 81-1334.
 United States Court of Appeals,
Tenth Circuit.
 Submitted June 11, 1981.
Decided Aug. 7, 1981.
 
 Andrew T. Dalton, and Louis W. Bullock of Sobel, Moran, Bullock & Stevens, Tulsa, Okl., for plaintiffs-appellants.
 Eddie M. Pope, Oklahoma Corp. Commission, Oklahoma City, Okl., for defendants-appellees.
 Dallas E. Ferguson and William H. Hinkle of Doerner, Stuart, Saunders, Daniel & Anderson, Tulsa, Okl., for intervenors-appellees.
 Before BARRETT, McKAY and LOGAN, Circuit Judges.
 PER CURIAM.
 
 
 1
 After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed.R.App.P. 34(a); Tenth Circuit R. 10(e). The cause is therefore ordered submitted without oral argument.
 
 
 2
 This appeal is taken from an order dismissing the action for lack of subject matter jurisdiction. The case is presently before the court on intervenors-appellees' motion to affirm and plaintiffs-appellants' motion to accelerate determination of the cause.
 
 
 3
 Plaintiffs are Oklahoma not-for-profit organizations whose members are electric consumers having the stated purpose of participating in public utility ratemaking proceedings entertained by the defendant Oklahoma Corporation Commission (Commission). The Commission is the state agency charged with the regulation of Oklahoma's public utilities. The intervenors in this action are public electric utility companies regulated by the Commission.
 
 
 4
 Plaintiffs commenced this action seeking a judgment declaring the authority of the Commission under the Public Utility Regulatory Policies Act of 1978, 16 U.S.C. §§ 2601-2708 (PURPA) to award costs and attorneys' fees to electric consumers who intervene successfully in ratemaking proceedings conducted by the Commission. Plaintiffs also seek to enjoin the Commission and others from taking any action pursuant to ratemaking proceedings previously conducted and in which plaintiffs had intervened until procedures for assessing such awards have been established.
 
 
 5
 The district court dismissed the action for lack of subject matter jurisdiction. The court held that federal jurisdiction would only lie if the right to intervene in a ratemaking proceeding had been denied by the state court having jurisdiction over the entity regulating the public utility.
 
 
 6
 Prior to this suit, plaintiffs had twice petitioned the Commission for a construction of its authority under PURPA to award fees and costs to qualified intervenors. In response to each petition the Commission stated that it lacked authority under state law or the state constitution to make such awards. Plaintiffs appealed the Commission's response to the second petition to the Oklahoma Supreme Court, which appeal is still pending. In addition, plaintiffs filed with the Supreme Court an "Application to Assume Original Jurisdiction and Petition for Mandamus and Prohibition" requesting the court to direct the Commission to set up procedures for awarding costs and fees to intervenors. The court denied the application, holding that even if PURPA authorized the Commission to award fees and costs to intervenors, the exercise of such authority was discretionary with the Commission and dependent upon the existence of enabling state law. The court stated further that PURPA provides another option for plaintiffs to use in order to receive an award to which they may be entitled, that is, a civil suit for fees against the utility in state court.
 
 
 7
 The Public Utility Regulatory Policies Act is an omnibus piece of legislation broadly designed to encourage energy conservation and self-sufficiency. Subchapter III of the Act, 16 U.S.C. §§ 2631-2634, is the statutory focus of this case.
 
 
 8
 Section 2631 describes procedures for electricity consumer intervention and participation in ratemaking proceedings conducted by a state regulatory authority. Intervention is encouraged, in § 2632(a), by providing for compensation to intervenors who substantially contribute to partial or total approval of positions advocated by them. Compensation is to include "reasonable attorneys' fees, expert witness fees, and other reasonable costs incurred in preparation and advocacy." 16 U.S.C. § 2632(a)(1). Compensation may be collected pursuant to § 2632(a)(2):
 
 
 9
 A consumer entitled to fees and costs under paragraph (1) may collect such fees and costs from an electric utility by bringing a civil action in any State court of competent jurisdiction, unless the State regulatory authority (in the case of a proceeding concerning a State regulated electric utility) or nonregulated electric utility (in the case of a proceeding concerning such nonregulated electric utility) has adopted a reasonable procedure pursuant to which such authority or nonregulated electric utility
 
 
 10
 (A) determines the amount of such fees and costs, and
 
 
 11
 (B) includes an award of such fees and costs in its order in the proceedings.
 
 
 12
 Section 2633 delimits the jurisdiction of the federal courts over actions arising under PURPA. Of primary importance to the instant controversy, § 2633(b)(2) provides:
 
 
 13
 If any electric utility or electric consumer having a right to intervene under section 2631(a) of this title is denied such right by any State court, such electric utility or electric consumer may bring an action in the appropriate United States district court to require the State regulatory authority or nonregulated electric utility to permit such intervention and participation, and such court shall have jurisdiction to grant appropriate relief.
 
 
 14
 Since the legislative history of the Act indicates that the conferees intended the compensation mechanism of § 2632 to encourage consumer representation in ratemaking proceedings, plaintiff's theory in bringing this federal action is that the refusal of the state regulatory agency to provide for compensation so impairs the right of intervention as to render the right non-existent. We express no opinion on this theory, but hold that the federal courts have no jurisdiction to consider it until attorney's fees have been denied "by any state court." Plaintiffs have only been denied their compensation by the Commission. Plaintiffs have not pursued their additional method of obtaining compensation; no civil suit has been brought to collect such compensation "in any state court of competent jurisdiction" as is provided for in § 2632(a) (2). The State Supreme Court only held that it could not order the Commission to set up procedures for awarding compensation to intervenors. The State Supreme Court did not deny the right to compensation altogether. To the contrary, that court directed plaintiffs to the state trial court where § 2632(a)(2) allows them to bring a civil suit to secure their compensation. If compensation is denied in such state court, and plaintiffs are thus left without compensation,[1] then § 2633(b)(2) will form the jurisdictional predicate for a federal district court's review of plaintiff's claims.
 
 
 15
 The motion to affirm the district court order dismissing for lack of jurisdiction is granted.
 
 
 
 [1]
 Plaintiffs have another possible avenue of recovery. Their appeal to the State Supreme Court of the Commission's opinion that it lacked authority to make compensation awards under PURPA may result in the discreditation of that opinion and the subsequent promulgation of Commission procedures for compensation awards. In that case, plaintiff's suit for compensation in state court would be precluded by the language in § 2632(a)(2)